UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GEORGE JARVIS AUSTIN,<br><br>Plaintiff,<br><br>v.<br><br>GEORGETOWN UNIVERSITY, et al.,<br><br>Defendants. | Case No. 4:24-cv-00260-DMR(EJD)<br><br>**ORDER DENYING MOTION TO WITHDRAW CONSENT TO MAGISTRATE JUDGE JURISDICTION**<br><br>Re: Dkt. No. 28 |

Pro se Plaintiff, George J. Austin ("Austin"), brings this action against Defendants Georgetown University ("the University") and District Court Judge Yvonne Gonzalez Rogers alleging racial discrimination in violation of the U.S. Constitution, as well as negligence and breach of contract. *See* Compl., ECF No. 1; Am. Compl., ECF No. 14. Austin's case is currently before Magistrate Judge Donna M. Ryu. *See* Austin Consent to Magistrate Jurisdiction, ECF No. 3. Before this Court is a motion to withdraw consent to magistrate judge jurisdiction. Mot., ECF No. 28. The University has filed an opposition, and Austin has filed a reply. Opp'n, ECF No. 32; Reply, ECF No. 53.

For the reasons explained below, the Court **DENIES** Austin's motion to withdraw consent.

I.   **BACKGROUND**

Austin's present case is one of three actions recently filed in the Northern District of California against the University. Austin filed his first action in September 2019, which was dismissed by Judge Gonzalez Rogers without leave to amend for lack of personal jurisdiction. *Austin v. Georgetown University, et al.*, Case No. 19-cv05631-YGR, 2021 WL 2953231, at *5 (N.D. Cal. July 14, 2021) ("*Austin I*"). Austin appealed, and the Ninth Circuit affirmed. *Austin v. Georgetown University, et al.*, No. 21-16191, 2023 WL 3580348 (9th Cir. May 22, 2023).

Case No.: 4:24-cv-00260-DMR
ORDER DEN. MOT.TO WITHDRAW CONSENT FOR MAGISTRATE JURISDICTION
1

1    In November 2023, Austin filed his second action against the University. *Austin v.
2    Georgetown University*, Case No. 3:23-cv05836-YGR (N.D. Cal., filed November 11, 2023).
3    Judge Gonzalez Rogers found that this second action was related to the first action and issued an
4    order relating the cases, thereby reassigning the second action to herself. *Id.* at ECF No. 19.
5    Shortly after, on January 9, 2024, Judge Gonzalez Rogers struck the most recent amended
6    complaint that was filed without leave. *Id.* at ECF No. 35. In response, the next day, Austin filed
7    a notice of voluntary dismissal. *Id.* at ECF No. 39.

   On January 20, 2024, Austin initiated the present and third action by filing the amended complaint that Judge Gonzalez Rogers struck in the second action, along with a consent to magistrate judge jurisdiction, where he checked the box stating: "In accordance with the provisions of 28 U.S.C. § 636(c), I voluntarily **consent** to have a United States magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment. I understand that appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit." Austin Consent to Magistrate Jurisdiction (emphasis in original); *see also* Compl.

   On March 13, 2024, the University filed a motion to relate the present case to the former two cases and refer it back to Judge Gonzalez Rogers. *Austin I,* at ECF No. 135. That same day, Austin filed an amended complaint in the present action adding Judge Gonzalez Rogers as a defendant. Am. Compl., ECF No. 14. Judge Gonzalez Rogers then denied the motion to relate cases given that Judge Gonzalez Rogers was now a party in the present action. *Austin I,* at ECF No. 137. The University subsequently filed its consent for magistrate judge jurisdiction. University Consent for Magistrate Judge Jurisdiction, ECF No. 26.

   On March 20, 2024, Judge Ryu entered an Order to Show Cause for Austin to explain why the claims against Judge Gonzalez Rogers should not be dismissed based on absolute judicial immunity. Order to Show Cause, ECF No. 19.

   The next day, on March 21, 2024, Austin filed a declination of consent to magistrate judge jurisdiction, and filed two more documents declining jurisdiction the following day. ECF Nos. 22,

Case No.: 4:24-cv-00260-DMR
ORDER DEN. MOT.TO WITHDRAW CONSENT FOR MAGISTRATE JURISDICTION
2

23, 24. Judge Ryu entered an order informing Austin that he would need to file a formal motion to withdraw consent, which would be referred to a district judge for resolution. Order re: Consent to Magistrate Jurisdiction, ECF No. 25. Austin subsequently filed the present motion, which was assigned to this Court on March 25, 2024. ECF No. 30. The University filed its opposition on March 26, 2024. Opp'n.

Notably relevant here, on April 5, 2024, the University filed a motion for sanctions against Austin, requesting a pre-filing order and finding that Austin is a vexatious litigant. Mot. for Sanctions, ECF No. 51. That same day, Austin filed a notice of voluntary dismissal, ECF No. 52, and a reply to the present motion, ECF No. 53, indicating that he has voluntarily dismissed his case. However, Austin has not withdrawn the present motion to date. On April 9, 2024, Jude Ryu posted an order requiring that Austin indicate if his dismissal was with or without prejudice. ECF No. 57.

## II.   LEGAL STANDARD

All proceedings, including trial and entry of judgment, may be conducted by a magistrate judge if all parties to a civil action consent. 28 U.S.C. § 636(c)(1); *Branch v. Umphenour*, 936 F.3d 994, 1000 (9th Cir. 2019). "There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge." *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 2003) (citations omitted). Once a civil case is referred to a magistrate judge under 28 U.S.C. section 636(c), the reference can be withdrawn by the court only "for good cause on its own motion, or under extraordinary circumstances shown by any party." 28 U.S.C. § 636(c)(4); Fed. R. Civ. P. 73(b)(3); *Branch*, 936 F.3d at 1002. "Good cause" and "extraordinary circumstances" are difficult standards to satisfy. *Branch*, 936 F.3d at 1004. "Neither mere dissatisfaction with a magistrate judge's decisions, nor unadorned accusations that such decisions reflect judicial bias, will suffice." *Id.* A district judge, rather than the magistrate judge, decides a motion to withdraw consent or reference. *Id.* at 1003.

## III.   DISCUSSION

Austin argues that there is good cause to withdraw his consent to magistrate judge jurisdiction because he "only intended to consent for narrow ADR settlement purposes," and

Case No.: 4:24-cv-00260-DMR
ORDER DEN. MOT.TO WITHDRAW CONSENT FOR MAGISTRATE JURISDICTION
3

1   withdrew his consent only after learning that the University did not believe ADR was appropriate

2   in this case.  Mot. 3.

3   However, as the University highlights, Austin filed his first declination of consent on

4   March 21, 2024, the day after Judge Ryu's Order to Show Cause, and the day before the

5   University filed its ADR certification.  Opp'n 4.  Indeed, Austin's own filings indicate that the

6   University informed him of its ADR position on March 22, the day after he first tried to withdraw

7   his consent.  Mot., Communications with University's Counsel re: ADR Options, ECF No. 28-3.

8   Thus, the Court finds that the facts in the record do not support Austin's assertion.

9   Even if the Court were to consider Austin's argument as bona fide, Austin has still failed to

10  meet the heightened burden of showing good cause or extraordinary circumstances.  The language

11  in the consent to magistrate judge jurisdiction unambiguously informs the reader that they consent

12  to have a magistrate judge "conduct all further proceedings in this case, including trial and entry of

13  final judgment."  Austin Consent to Magistrate Jurisdiction.  Austin's argument that he believed

14  this language meant that he only consented to magistrate judge jurisdiction in regard to ADR does

15  not create good cause, and Austin has failed to demonstrate any extraordinary circumstances that

16  would have led him to that belief.

17  The Court also notes that Austin's voluntary dismissal of the case does not moot the

18  present motion to withdraw consent.  *See* Reply.  Austin has not withdrawn the present motion to

19  date, and the University's motion for sanctions remains in need of resolution; thus, the present

20  motion disputing which judge has jurisdiction to hear that motion still presents a live controversy.

21  **IV.   CONCLUSION**

22  Based on the foregoing, the Court **DENIES** Austin's motion to withdraw consent to

23  magistrate judge jurisdiction.  The Court returns this case to Judge Ryu for further proceedings.

24  **IT IS SO ORDERED.**

25  Dated: April 9, 2024

EDWARD J. DAVILA
United States District Judge

28  Case No.: 4:24-cv-00260-DMR
ORDER DEN. MOT.TO WITHDRAW CONSENT FOR MAGISTRATE JURISDICTION
4