UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE JARVIS AUSTIN,<br><br>Plaintiff,<br><br>v.<br><br>GEORGETOWN UNIVERSITY, et al.,<br><br>Defendants. | Case No. 24-cv-00260-DMR<br><br>**ORDER RE: PLAINTIFF'S VOLUNTARY DISMISSAL AND DEFENDANT GEORGETOWN UNIVERSITY'S PENDING MOTION FOR SANCTIONS** |

Self-represented Plaintiff George Jarvis Austin filed the complaint against Defendant Georgetown University ("Georgetown") on January 16, 2024. He filed a consent to magistrate judge jurisdiction on January 20, 2024. [Docket No. 3.] He filed a third amended complaint on March 13, 2024 that adds District Judge Yvonne Gonzalez Rogers as a defendant. The court ordered Plaintiff to explain in writing why his claim(s) against Judge Gonzalez Rogers should not be dismissed based on judicial immunity.[1] [Docket Nos. 14, 19 (Order to Show Cause, "OSC").] Plaintiff then filed a declination to magistrate judge jurisdiction. [Docket No. 22.] The court ordered Plaintiff to file any motion to withdraw consent by April 5, 2024 and noted that it would refer any such motion to withdraw consent to the general duty judge for resolution. [Docket No. 25.] Plaintiff filed a motion to withdraw consent and reassign the case on March 22, 2024, which the court referred to the general duty judge. [Docket Nos. 28, 30.]

On April 2, 2024, Defendant Georgetown filed a motion to dismiss the third amended complaint. [Docket No. 39.] On April 5, 2024, it filed a motion for sanctions in which it asks the court to dismiss Plaintiff's claims with prejudice, declare Plaintiff a vexatious litigant, and impose a pre-filing order on Plaintiff requiring him to seek pre-filing approval in this court prior to filing

---

[1] Plaintiff timely filed a response to the OSC. [Docket No. 44.]

new cases or motions against Georgetown.  [Docket No. 51.]  Plaintiff filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) the same day.  [Docket No. 52.]  On April 9, 2024, the court ordered Plaintiff to clarify whether his dismissal was with or without prejudice.  [Docket No. 57.]  Plaintiff responded the same day and indicated that the dismissal is without prejudice.  [Docket No. 60.]  Also on April 9, 2024, the Honorable Edward J. Davila denied Plaintiff's motion to withdraw consent.  [Docket No. 58.]

Plaintiff is entitled to voluntary dismissal of this case without a court order because he filed his notice of voluntary dismissal before service of an answer or a motion for summary judgment.  *See* Fed. R. Civ. P. 41(a)(1).  Accordingly, Plaintiff dismissed his case on April 5, 2024.  [Docket No. 52.]  As a result, the OSC and Georgetown's motion to dismiss are moot and the April 17, 2024 initial case management conference is vacated.

However, Plaintiff's voluntary dismissal does not divest the court of jurisdiction to decide Georgetown's motion for sanctions.  *See Williamson Family Trust v. CIT Group/Consumer Fin., Inc.*, 205 F. App'x 616, 617 (9th Cir. 2006) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-96 (1990)); *United States v. Real Prop. Located at 475 Martin Lane, Beverly Hills, CA*, 545 F.3d 1134, 1145 n.6 (9th Cir. 2008) (district courts may consider collateral issues "such as attorney fees or sanctions" following voluntary dismissal).  Accordingly, that motion remains pending.  The May 23, 2024 hearing on Georgetown's motion for sanctions is VACATED and may be re-set, if necessary, upon completion of the briefing.

**IT IS SO ORDERED.**

Dated: April 10, 2024



Donna M. Ryu
Chief Magistrate Judge

2