IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE JARVIS AUSTIN,<br><br>Plaintiff,<br><br>v.<br><br>GEORGETOWN UNIVERSITY, et al.,<br><br>Defendants. | Case No. 24-cv-00260-CRB<br><br>**ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT** |

Under the All Writs Act, 28 U.S.C. § 1651(a), district courts have the power to enjoin "litigants with abusive and lengthy histories." De Long v. Hennessy, 912 F.2d 1144, 1147 (9th Cir. 1990); Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007). Before entering a prefiling order, the Court must find that (1) the litigant was given notice and an opportunity to be heard, (2) there is an adequate record for review, and (3) the order is "narrowly tailored to closely fit the specific vice encountered." De Long, 912 F.2d at 1147–48. The Court must make "substantive findings as to the frivolous or harassing nature of the litigant's actions." Id. at 1148 (citation omitted). The Court hereby declares Plaintiff George Jarvis Austin a vexatious litigant.

First, Austin was given notice and an opportunity to be heard. Defendants filed their motion to declare Austin a vexatious litigant on April 5, 2024 (dkt. 51), and Austin filed an opposition on April 19 (dkt. 63). This satisfies the notice requirement. See Pac. Harbor Cap., Inc. v. Carnival Air Lines, Inc., 210 F.3d 1112, 1118 (9th Cir. 2000); Ou-Young v. Roberts, 2013 WL 6732118, at *8 (N.D. Cal. Dec. 20, 2013).

Second, there is an adequate record for review. An adequate record is one that "show[s], in some manner, that the litigant's activities were numerous or abusive." De

1    Long, 912 F.2d at 1147. Here, the record shows that Austin has filed 24 lawsuits in this
2    District. Three, including this lawsuit, have been against Georgetown with materially
3    identical factual allegations. See Austin v. Georgetown Univ., No. 19-cv-5631-YGR
4    (N.D. Cal. filed Sept. 16, 2019); Austin v. Georgetown Univ., No. 23-cv-5836-YGR (N.D.
5    Cal. filed Nov. 11, 2023). This pattern of suing the same defendant over and over is
6    consistent with Austin's other lawsuits. See, e.g., Austin v. Kemper Corp. (Ins.), No. 21-
7    cv-3208-SI (N.D. Cal. filed Apr. 29, 2021); Austin v. Kemper Indep. Ins. Co. (2167877),
8    No. 24-cv-1120-EMC (N.D. Cal. filed Feb. 23, 2024); Austin v. Kemper Corp. (Kemper
9    III), No. 24-cv-4183-JD (N.D. Cal. filed July 11, 2024). Furthermore, in this and other
10   cases, Austin ultimately attempted to sue the federal judge who ruled against him. See
11   Am. Compl. (dkt. 14) (asserting claims against District Judge Gonzalez Rogers); Kemper
12   III, No. 24-cv-4183-JD (asserting claims against Chief District Judge Seeborg; District
13   Judges Alsup, Brown Armstrong, Chen, Chesney, Davila, Gonzalez Rogers, Illston, Lin,
14   and Thompson; Chief Magistrate Judge Ryu; and Magistrate Judge Tse) see also Austin v.
15   Chesney, No. 22-cv-2506-WHA (N.D. Cal. filed Apr. 25, 2022) (asserting claims against
16   District Judge Chesney for ruling against him in another case, Austin v. Lyft, No. 21-cv-
17   9345-MMC); Austin v. ABC Legal Servs., LLC, 24-cv-4185-WHO (N.D. Cal. filed July
18   11, 2024) (asserting claims against Chief District Judge Seeborg; District Judges Alsup,
19   Brown Armstrong, Chen, Chesney, Davila, Gonzalez Rogers, Illston, Lin, and Thompson;
20   Chief Magistrate Judge Ryu; and Magistrate Judge Tse). Most of Austin's federal suits
21   have been dismissed, either by the court or voluntarily.

22   Third, this order is narrowly tailored to Austin. Austin has not limited his litigation
23   to any specific statute or against any defendant, so this order is not limited in either
24   respect. See Molski, 500 F.3d at 1061. Going forward, when filing a pro se complaint in
25   the Northern District of California, Austin must obtain certification from the general duty
26   judge that his complaint is comprehensible and not facially frivolous.

27   Fourth, the underlying lawsuit in this action is frivolous. In Austin's operative
28   complaint against Georgetown—his ninth to date against Georgetown—he alleges that

Georgetown (apparently "in concert with" Judge Gonzalez Rogers) violated his privacy rights by using a photograph in which he appeared in its marketing materials and discriminated against him in his attempt to remedy this alleged privacy violation. Yet he fails (for now the third time) to allege any facts that would justify the Court's exercise of personal jurisdiction over Georgetown—a fatal flaw even if his allegations were to have merit. This reflects a pattern of harassing behavior, and there is no reason for this Court to believe that Austin will stop filing frivolous lawsuits against Defendants or any other entities going forward.

For the foregoing reasons, Austin must obtain leave of the court before filing any additional pro se lawsuits in the Northern District of California. To do so, Austin must submit a copy of his complaint, a letter requesting that his complaint be filed, and a copy of this order to the Clerk of the Court. Austin may proceed with a pro se lawsuit only with approval from the general duty judge.

**IT IS SO ORDERED.**

Dated: October 16, 2024



CHARLES R. BREYER
United States District Judge