IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GEORGE JARVIS AUSTIN,<br><br>Plaintiff,<br><br>v.<br><br>GEORGETOWN UNIVERSITY, et al.,<br><br>Defendants. | Case No. 24-cv-00260-CRB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

On October 16, 2024, the Court issued an order declaring Plaintiff George Jarvis Austin a vexatious litigant. Sanctions Order (dkt. 70). Austin now seeks reconsideration of the Court's order. Mot. to Alter Judgment (dkt. 82).[1] Austin's motion is **DENIED**.

The Court has discretion to reconsider its prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994). That said, reconsideration is generally only appropriate under three circumstances: (1) if the Court is presented with new evidence, (2) if the initial decision was manifestly unjust or clearly erroneous, or (3) if there is an intervening change in controlling law. Sch. Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Austin does not point to new evidence or any change in controlling law, so the Court construes his motion as asserting that the Court's sanctions order was manifestly unjust or clearly erroneous. The Court is not persuaded.

Most of Austin's motion is dedicated to repeating his argument that Georgetown violated his privacy rights by using a photograph of him without his permission and, in the aftermath of this, discriminated against him on the basis of his race. See Mot. to Alter

---

[1] The Court construes Austin's motion as a motion for reconsideration. See Wolinski v. Lewis, No. 17-cv-583 MCE AC P, 2019 WL 3500562, at *1 (E.D. Cal. Aug. 1, 2019).

Judgment at 2–22. Once again Austin misses the point. The first time he filed suit against Georgetown, Judge Gonzalez Rogers dismissed his claims for lack of personal jurisdiction, not for failure to state a claim. See Order Granting Motion to Dismiss, Austin v. Georgetown Univ., No. 19-cv-5631-YGR, 2021 WL 2953231 (N.D. Cal. July 14, 2021), aff'd, No. 21-16191, 2023 WL 3580348 (9th Cir. May 22, 2023). In Austin's later suits against Georgetown, he never remedied this personal jurisdiction problem—even as he reiterated the same claims as in his first suit. So his subsequent suits were frivolous.

Austin's sole remaining argument is that the claims in this action are not actually repetitive of his first and second suits but are instead "independent Article III, Supreme Court recognized, well settled, discrete adverse, new, legal harms." Mot. at 24. To be sure, Austin raised some new allegations in his operative complaint—namely, that Georgetown and Judge Gonzalez Rogers conspired to deprive him of his right to access the courts on the basis of his race. See First Am. Compl. (dkt. 14) ¶¶ 106, 127, 134. But these claims are, at their core, based on the same claims that Austin unsuccessfully raised in his first action. Indeed, Austin makes no factual allegations to support his claim that Georgetown and Judge Gonzalez Rogers acted out of racial bias in handling his previous lawsuits; instead, he spends the bulk of his complaint repeating his original allegations of Georgetown's alleged violation of his privacy and its subsequent conduct. Any purported new claims against Georgetown or Judge Gonzalez Rogers would therefore be subject to dismissal as conclusory, see Abagninin v. AMVAC Chem. Corp., 545 F.3d 733, 740 (9th Cir. 2008), leaving only Austin's same old allegations from his first suit.

Austin's repackaging of his failed claims against Georgetown as new due process and equal protection claims that implicate Judge Gonzalez Rogers is a transparent attempt to relitigate those claims before a new judge.[2] It is the kind of vexatious conduct that Austin has repeatedly engaged in before other judges in this district. See Sanctions Order

---

[2] Of note, Austin voluntarily dismissed his second suit against Georgetown after it was assigned to Judge Gonzalez Rogers. See Notice of Voluntarily Dismissal, Austin v. Georgetown Univ., No. 23-cv-5836-YGR, ECF No. 36 (N.D. Cal. Jan. 9, 2024). He filed this action only one week later. See Compl. (dkt. 1) (Jan. 16, 2024).

2

at 2 (collecting cases). And it is properly sanctionable. Austin's motion to reconsider is therefore **DENIED**.

One final note: Austin voluntarily dismissed his claims in this action. See Notice of Voluntary Dismissal (dkt. 52). The Court accepted Austin's voluntary dismissal of his claims but retained jurisdiction to resolve the issue of sanctions. See Order re: Voluntary Dismissal (dkt. 61). Now that the Court has imposed sanctions, this action is closed to further filings. The Court will enter a separate Rule 58 judgment alongside this order so that Austin can appeal if he so wishes. See Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1056 (9th Cir. 2007) (pre-filing orders against vexatious litigants are not immediately appealable).

**IT IS SO ORDERED.**

Dated: November 13, 2024

CHARLES R. BREYER
United States District Judge